**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**TONY L. BRYANT**                                                                                  **PLAINTIFF**

V.                                  **NO. 2:07CV00078 BD**

**LISSANDRA MOORE,** *et al.*                                                **DEFENDANTS**

**ORDER**

**I.  Introduction:**

Pending is a motion to dismiss or, in the alternative, motion for summary judgment (docket entry #29) filed by Defendants Lissandra Moore, Derrick Williams, Julia Dodd, Lee Hoover, Robert Levine, and Isabel Cabarcas-Quick.  Defendants' motion (#29) will be GRANTED IN PART, DENIED IN PART.  Plaintiff's claims against Defendants Moore, Hoover Levine, and Cabarcas-Quick must be DISMISSED WITH PREJUDICE.  Plaintiff may proceed with his Eighth Amendment claim against Defendant Dodd in her individual capacity and his Eighth Amendment claim against Defendant Williams for the alleged sexual assault that took place in July 2006.

**II.  Background:**

Plaintiff, a former inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI"), filed this action pro se under 42 U.S.C. § 1983.  According to the allegations in Plaintiff's Complaint, on July 28, 2006, Plaintiff was escorted by Defendants Lissandra Moore and Derrick Williams from the FCI to Memphis, Tennessee,

1

for a medical visit. Plaintiff states that during the trip, he was handcuffed, wrapped in a waist chain, and placed in leg irons. He also alleges that during the trip, he was denied all access to both food and water, and was forced to wait an inordinate period of time before he was allowed to use the restroom. Further, Plaintiff states that when he was allowed to use the restroom, Separate Defendant Williams "engaged in sexual harassment" by touching Plaintiff on various parts of his body while he was attempting to urinate.

In addition, Plaintiff claims that the remaining Defendants, Julia Dodd, Lee Hoover, Robert Levine, and Isabel Cabarcas-Quick conspired with each other to deprive him of psychiatric and psychological services in violation of his Eighth Amendment rights.

Defendants have filed a motion to dismiss or, in the alternative, a motion for summary judgment. In the motion, Defendants contend that: (1) they are entitled to sovereign immunity; (2) Plaintiff failed to exhaust his administrative remedies with regard to his sexual assault claim; (3) Plaintiff has failed to state a claim upon which relief can be granted; and (4) they are entitled to qualified immunity. In support of their motion, Defendants attach the following documents: (1) a declaration of James D. Cook, Supervisory Attorney at the Federal Bureau of Prisons Consolidated Legal Center; (2) Plaintiff's grievances and the responses thereto; (3) an attachment to the Declaration of James D. Crook containing Plaintiff's medical records, filed under seal; (4) a Declaration of Lissandra Moore, (5) a copy of the Escorted Trip Authorization Form for Plaintiff for

July 28, 2006; and (6) a computer printout of Plaintiff's inmate history. Defendants also filed a statement of undisputed facts (#31).

On November 5, 2007, the Court entered an order notifying Plaintiff that Defendants' motion would be considered as a motion for summary judgment and ordering Plaintiff to file a responsive pleading (#33). Plaintiff has not responded to the Court's order.

### III.   Discussion:

   A.   *Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party bears the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477


U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    *Capacity*

As an initial matter, the Court notes that Plaintiff fails to indicate in what capacity he sues the Defendants named in this matter. "[A]bsent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.'" *Murphy v. Arkansas*, 127 F.3d 750, 754–55 (8th Cir. 1997) (citation omitted). However, a *pro se* complaint is to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and examination of the body of the Complaint shows that the Plaintiff intended to sue the Defendants in both their official and individual capacities.

    C.    *Eleventh Amendment Immunity*

Defendants contend that Plaintiff's official capacity claims against them are barred because a person sued in his or her official capacity is not a "person" for purposes of 42 U.S.C. § 1983, and that the State's sovereign immunity serves to bar such claims because they are, in effect, a suit against the State itself. The law is well established that a civil litigant cannot obtain monetary damages on a claim brought against state actors in their official capacities. *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989).

Accordingly, Plaintiff's claims for monetary damages against Defendants in their official capacities must be dismissed.

      D.     *Deliberate Indifference and Conditions of Confinement*

In his Complaint, Plaintiff claims that Defendants Moore and Williams violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate food and water during the trip to Memphis, Tennessee, on July 28, 2006, and by denying Plaintiff the ability to use the restroom during that trip.

The treatment a prisoner receives in prison and the conditions of confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Specifically, the Supreme Court has held that the Eighth Amendment imposes duties on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care, and to take reasonable measures to guarantee the safety of the inmates. *Id*. at 832-33, 114 S.Ct. at 1976.

In order to establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Id*. at 834, 837, 114 S.Ct. at 1977, 1980. Deliberate indifference is more than negligence. *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir.

2005). "It requires proof of a reckless disregard of a known risk." *Id*. (citing *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998)). Additionally, the Prison Litigation Reform Act ("PLRA") requires that a plaintiff allege that he suffered physical injury from his allegedly unconstitutional conditions of confinement. 42 U.S.C. § 1997e(e). Here, Plaintiff has failed to make that showing.

Based upon the evidence presented in Defendants' motion for summary judgment, including the attached exhibits, Plaintiff was scheduled to have certain medical tests performed at St. Francis Hospital in Memphis, Tennessee, on July 28, 2006. Defendants Moore and Williams were assigned to accompany Plaintiff from the FCI to Memphis. Prior to their departure on July 28, 2006, Defendants were informed that Plaintiff was not to have any food or drink prior to the scheduled medical tests. According to the documents presented, the parties left the Institution at approximately 7:06 am. The trip to Memphis took approximately one hour and ten minutes.

When the parties arrived at St. Francis Hospital, Plaintiff was informed by the attending nurse that he would have to provide a urine sample prior to his examination. At that time, Plaintiff was able to use the restroom to provide the requested sample. Plaintiff then completed the scheduled examination.

Once Plaintiff was released from the hospital, Defendant Moore called the Institution's Food Service Department and requested that a lunch tray be set aside for Plaintiff. Defendants Moore and Williams informed Plaintiff that they had called to

reserve Plaintiff a tray, but that they should make it back to the Institution prior to the closing of the lunch line. Upon arrival at the Institution at approximately 2:02 p.m., Plaintiff was escorted to the lunch line to have his noon meal.

This conduct does not rise to the level of deliberate indifference. Although in his grievances, Plaintiff alleges that Defendants Moore and Williams did not call ahead and reserve a lunch tray, this fact does not preclude the granting of summary judgment in Defendants' favor. See *Williams v. Harness*, No. 99-1326, 2000 WL 573448, at *1 (8th Cir. 2000) (unpublished per curiam) (denial of one meal does not give rise to a constitutional violation). Defendants Moore and Williams followed the instructions that they were given for Plaintiff's medical trip. The trip itself lasted less than eight hours. Arrangements were made for Plaintiff to receive both food and water, and Plaintiff was allowed to use the restroom while at St. Francis Hospital in Memphis. Such conduct does not give rise to a constitutional claim.

Further, Plaintiff complains that he was handcuffed and chained during the entire trip, and that it was approximately 100 degrees outside on that date. While Plaintiff may have been uncomfortable, mere discomfort does not rise to the level of a constitutional violation. See *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (four days in a cell without clothes or bedding did not violate inmate's Eighth Amendment rights) and *Porth v. Farrier,* 934 F.2d 154, 157 (8th Cir. 1991) (stating that discomfort does not amount to

cruel and unusual punishment; the conduct must be "so inhumane, base, or barbaric so as to shock the sensibilities").

In addition, although Plaintiff complains about the uncomfortable conditions during his medical trip, Plaintiff fails to allege any injury that he suffered as a result of the alleged deprivation of food, water, and restroom facilities during the trip. Without evidence showing that Plaintiff suffered any harm, Plaintiff's claim cannot survive. Accordingly, the Court finds that Defendants Moore and Williams are entitled to summary judgment on this claim.

E.     *Deliberate Indifference to Serious Medical Needs*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a federally protected right and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). "The prisoner must show more than negligence, more even than gross

negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Assuming all of the allegations in the Complaint are true, Plaintiff fails to state a claim upon which relief can be granted because he fails to allege that Defendants Hoover, Levine, and Cabarcas-Quick actually knew of but deliberately disregarded a serious medical need. "Nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citations omitted).

In this case, Plaintiff alleges that Defendants Dodd, Hoover, Levine, and Cabarcas-Quick conspired with each other to deprive him of psychiatric and psychological services. Plaintiff contends that Defendant Dodd became acquainted with Plaintiff during Plaintiff's participation in the Residential Drug Abuse Program and that during that interaction, Defendant Dodd "developed a personal dislike" for Plaintiff. Plaintiff states that Defendant Dodd advised Defendants Hoover, Levine, and Cabarcas-Quick that Plaintiff was not amenable to treatment, and that it was a waste of time to attempt to provide psychological treatment to him.

Defendants attach to their motion for summary judgment Plaintiff's medical records that were filed under seal in this matter. These records reveal that Plaintiff did participate in the residential drug treatment program at the Institution, but eventually withdrew from that program. These records also reveal that Plaintiff was seen by Defendants Hoover, Levine and Cabarcas-Quick on multiple occasions. During most of these occasions, Defendants Hoover, Levine, and Cabarcas-Quick found that Plaintiff was attempting to feign mental illness or hallucinations in order to acquire medication. These Defendants denied Plaintiff's requests for psychotropic medications. The Court finds that Defendants did not act with deliberate indifference to Plaintiff's medical needs. Although he was denied the treatment that he sought, i.e. medication, Plaintiff was examined by Defendants Hoover, Levine and Cabarcas-Quick. Mere disagreement in treatment does not constitute a constitutional violation. Accordingly, Defendants Hoover, Levine, and Cabarcas-Quick are entitled to summary judgment on this claim.

Defendants do not include any evidence showing that Plaintiff was seen or examined by Defendant Dodd. Although Defendant Levine's records indicate that he referred Plaintiff to Defendant Dodd, Defendants do not include any documentation that Defendant Dodd actually treated Plaintiff following his participation in the residential drug treatment program. Based upon Plaintiff's allegations that Defendant Dodd continually denied him treatment based upon her personal prejudice toward Plaintiff,

Plaintiff will be allowed to proceed on his Eighth Amendment claim against Defendant Dodd in her individual capacity.

F.      *Sexual Assault Claim*

In the Complaint, Plaintiff alleges that Defendant Williams touched him on various parts of his body when he was eventually allowed to use the restroom during the trip to Memphis on July 28, 2006.

In their motion for summary judgment, Defendants contend that Plaintiff failed to exhaust this claim as required by the PLRA. 42 U.S.C. § 1997e(a). Defendants argue that, although Plaintiff did grieve his complaints regarding the lack of food, water, and the ability to use restroom facilities, during the trip to Memphis, he did not fully grieve the sexual assault claim.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are as available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 923 (2007); see also *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2385 (2006).

In *Woodford*, the Supreme Court held that 42 U.S.C. § 1997e(a) requires "proper exhaustion" of an inmate's administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386. In *Jones*, the Supreme Court clarified that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones* at 127 S.Ct. at 923.

In Plaintiff's request for administrative remedy dated September 1, 2006, Plaintiff complains about the alleged inadequate conditions that he experienced during his travel to and from Memphis, Tennessee, in July, 2006. In his request, Plaintiff includes a complaint about the "homosexual gesture" Defendant Williams made while in the restroom with Plaintiff. Although Plaintiff does not describe Defendant Williams's conduct in detail in the request, some sort of alleged inappropriate action is referenced. Further, although Plaintiff does not describe Defendant Williams's conduct in the appeal of his request for administrative remedy, he does state that "the truth of what happen [sic] is stated in my (BP-9)." Therefore, Plaintiff does include by reference all statements contained in his request for administrative remedy, or his BP-9. The Court finds that Plaintiff did exhaust this claim and that the references made to Defendant Williams were sufficient to place him on notice.

Further, the Court notes that Defendants do not include an affidavit or declaration of Defendant Williams with their motion. Therefore, at this time, a genuine issue of material fact exists with regard to Defendant Williams's conduct. Accordingly, summary judgment is denied with regard to the Eighth Amendment claim against Defendant Williams in his individual capacity for the alleged sexual assault.

G.   *Qualified Immunity*

In *Robinson v. White County, Ark*., 452 F.3d 706, 711-12 (8th Cir. 2006), the Eighth Circuit stated that government officials are entitled to qualified immunity unless:

> their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known. We analyze [the] qualified immunity issue in two steps. First, we ask whether the facts as asserted by the plaintiff show the officer's conduct violated a constitutional right. If the answer is no, we grant qualified immunity. If the answer is yes, we go on to determine whether the right was clearly established. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id*. at 712 (quoting *Wright v. Rolette* County, 417 F.3d 879, 884 (8th Cir.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 1338 (2006)).

Here, Plaintiff alleges that Defendant Dodd violated his constitutional rights by continually denying him medical treatment. Plaintiff alleges that Defendant Williams violated his constitutional rights by touching Plaintiff improperly. Based on the status of the record at this time, the Court is unable to determine whether Plaintiff's rights were

actually violated. Therefore, the Court is unable to determine whether the Defendants are entitled to qualified immunity at this time.[1]

## IV. CONCLUSION:

Defendants' motion for summary judgment (#29) is GRANTED IN PART, and DENIED IN PART. All claims against Defendants Moore, Hoover, Levine, and Cabarcas-Quick are DISMISSED in their entirety. Plaintiff may proceed on his Eighth Amendment claim against Defendant Dodd in her individual capacity and his sexual assault claim against Defendant Williams in his individual capacity.

IT IS SO ORDERED this 18th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that if it found that Plaintiff's constitutional rights have been violated, it would then determine whether these rights were clearly established.