**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**TONY L.  BRYANT**                                                                                   **PLAINTIFF**


**v.**                                              **CASE NO.: 2:07CV00078 BD**

**LISSANDRA MOORE, et al.**                                                     **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

**I.      Introduction:**

Pending is Defendants' Motion for Summary Judgment (docket entry #44) and

Motion to Dismiss for Lack of Prosecution (docket entry #53).  Plaintiff has failed to

respond to either motion despite instructions from the Court to respond (docket entry

#55).  For the following reasons, Defendants' Motion for Summary Judgment (docket

entry #44) is GRANTED.  Defendants' Motion to Dismiss for Lack of Prosecution

(docket entry #53) is DENIED as moot.

Also pending is Plaintiff's Motion to Appoint Counsel (docket entry #57).

Plaintiff's Motion is DENIED.

**II.     Background:**

Plaintiff, a former inmate at the Federal Correctional Institution in Forrest City,

Arkansas ("FCI"), filed this *Bivens* action *pro se*.  Only two claims remain.  The first

claim arose during a medical trip from the FCI to Memphis, Tennessee, on July 28, 2006.

Plaintiff alleges that when he was allowed to use the restroom in Memphis, Defendant

Williams accompanied him to the restroom and "engaged in sexual harassment" by touching Plaintiff on various parts of his body while Plaintiff was attempting to urinate.[1]

The second claim relates to Plaintiff's medical treatment while incarcerated in the FCI.  Plaintiff claims that the Defendant Dodd conspired with several other doctors at the FCI to deprive him of psychiatric and psychological services in violation of his Eighth Amendment rights.

**III.    Discussion:**

    **A.    Summary Judgment Standard:**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le*

---

[1] The Court previously dismissed Plaintiff's claims that he was denied access to food and water and that he was forced to wait an inordinate period of time before he was allowed to use the restroom (docket entry #38).

*Sueur*, 47 F.3d 953, 957 (8th Cir.1995))).  If the opposing party fails to carry that burden

or fails to establish the existence of an essential element of its case on which that party

bears the burden of proof at trial, summary judgment should be granted.  See *Celotex,* 477

U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain

specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th

Cir. 1985).

> **B.     Deliberate Indifference to Serious Medical Needs:**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a

federally protected right and must show that the alleged deprivation was committed by a

person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250

(1988).  Prison officials or their agents violate the Eighth Amendment if they commit

"acts or omissions sufficiently harmful to evidence deliberate indifference to [an

inmate's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285

(1976).  The Eighth Circuit has interpreted this standard as including both an objective

and a subjective component:  "The [plaintiff] must demonstrate (1) that [he] suffered

[from] objectively serious medical needs and (2) that the prison officials actually knew of

but deliberately disregarded those needs."  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th

Cir.1997).  "The prisoner must show more than negligence, more even than gross

negligence, and mere disagreement with treatment decisions does not rise to the level of a

constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

In this case, Plaintiff alleges that Defendant Dodd and Drs. Hoover, Levine, and Cabarcas-Quick conspired with each other to deprive him of psychiatric and psychological services.[2]   Plaintiff alleges that Defendant Dodd became acquainted with him during his participation in the Residential Drug Abuse Program and that during those interactions, Defendant Dodd "developed a personal dislike" for Plaintiff.   Plaintiff states that Defendant Dodd screamed at him on several occasions and was extremely disrespectful towards him (docket entry #58, p.1-2).   Plaintiff also alleges that Defendant Dodd advised Drs. Hoover, Levine, and Cabarcas-Quick that Plaintiff was not amenable to treatment, and that it was a waste of time to provide psychological treatment to him.

Plaintiff has not shown that Defendant Dodd was deliberately indifferent to any of Plaintiff's potentially serious medical needs.   The undisputed facts show that Defendant Dodd did not see Plaintiff as a patient (docket entry #46, ¶3-4).   While she did consult with Plaintiff's treating psychologists regarding her behavioral observations of Plaintiff, the record shows that these consultations did not deny Plaintiff treatment (docket entry #46, ¶5 and #45, Ex. B).   The medical records filed under seal show that Plaintiff believed he should receive certain prescription drugs, but that his treating psychologists did not agree.   These records also reveal that Plaintiff was seen by Drs. Hoover, Levine and Cabarcas-Quick on multiple occasions.   On most of these visits, Drs. Hoover, Levine,

_____

[2] Drs. Hoover, Levine, and Cabarcas-Quick were previously dismissed (docket entry #38).

and Cabarcas-Quick found that Plaintiff was feigning mental illness or hallucinations in order to acquire medications.  These doctors independently denied Plaintiff's requests for psychotropic medications.  They were not in a conspiracy to deny treatment to Plaintiff due to the alleged "dislike" Defendant Dodd had for Plaintiff.  "Nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment.  Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (citations omitted).  In addition, none of the medication decisions were made by Defendant Dodd.

Defendant Dodd did not act with deliberate indifference to Plaintiff's medical needs.  Although Plaintiff was denied the treatment that he sought, *i.e.*, medication, he was examined several times by Drs. Hoover, Levine and Cabarcas-Quick.  Mere disagreement with treatment decisions does not constitute a constitutional violation.  In addition, Plaintiff has not shown any injury caused by any denial of requested medications.  Accordingly, Defendant Dodd is entitled to summary judgment on this claim.

### C.    Sexual Assault Claim:

Because sexual harassment of an inmate by a corrections officer never serves a legitimate penological purpose, such harassment may constitute the "unnecessary and

wanton infliction of pain" forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999-1000 (1992).

Plaintiff alleges that he was unable to use the restroom due to the conduct of Defendant Williams. Plaintiff alleges that Defendant Williams escorted him to the restroom, which was very small, and instead of waiting outside, Defendant Williams stood in the restroom with Plaintiff (docket entry #58, p. 3-4). According to Plaintiff, Defendant Williams shut the door, uncuffed Plaintiff's right hand, placed his own arm under Plaintiff's left arm, and when Plaintiff was about to urinate, Defendant Williams put his mouth on Plaintiff's chest and started to put his hand on Plaintiff's stomach (docket entry #58, p. 4). Plaintiff alleges he then stated, "get off me, I can't use the restroom like this" (docket entry #58, p. 4).

Defendant Williams denies everything about Plaintiff's account, except that he admits going into the restroom with Plaintiff as a part of required security measures (docket entry #45, Ex. 3). It is undisputed that the Bureau of Prisons policy requires immediate visual supervision of inmates at all times during trips outside the prison

facility.  This includes times when prisoners are using bathroom facilities (docket entry #
46).

The conduct, assuming it happened as Plaintiff describes, fails to establish
requisite "pain" to prevail on an Eighth Amendment claim.  According to Plaintiff's
version of events, when he objected to Williams's conduct, the alleged inappropriate
touching ceased immediately.  This is the one and only incident of harassment alleged by
Plaintiff.  Assuming the restroom incident transpired exactly as alleged, it is questionable
whether, standing alone, it would be sufficient to establish liability even for sexual
harassment in the free world workplace under current case law.  If Defendant Williams
had touched Plaintiff's buttocks or genitals, had sexually propositioned Plaintiff, had
continued to touch Plaintiff after Plaintiff objected, and if harassing conduct had been
pervasive, that would present a different case.  As the record stands, however, Defendant
Williams is entitled to summary judgment.

### D.    Appointment of Counsel:

A *pro se* litigant has no statutory or constitutional right to have counsel appointed
in a civil case.  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  While the court
may, in its discretion, appoint counsel for a *pro se* prisoner if, "the nature of the litigation
is such that plaintiff as well as the court will benefit from the assistance of counsel,"
*Johnson v. Williams*, 788 F.2d 1319, 1322  (8th Cir. 1986), the circumstances in this case
do not warrant appointment of counsel.

## IV.   __CONCLUSION__:

For the reasons stated, Defendants' Motion for Summary Judgment (docket entry #44) is GRANTED and the remaining claims are dismissed with prejudice.  Defendants' Motion to Dismiss for Lack of Prosecution (docket entry #53) is DENIED as moot. Plaintiff's Motion to Appoint Counsel (docket entry #57) is also DENIED.

IT IS SO ORDERED this 30th day of July, 2008.

_____

UNITED STATES MAGISTRATE JUDGE